O’Donnell, J.,
dissenting.
{¶ 45} Respectfully, I dissent.
{¶ 46} The majority opinion is another example of the court’s haste to change the law regarding juveniles in Ohio. This rush to judgment tramples our law regarding the forfeiture of matters not raised in the trial court or otherwise presented for appeal or properly considered by an appellate court and what should be considered in a plain error analysis.
{¶ 47} In this case, Tyshawn Barker failed to challenge the constitutionality of R.C. 2933.81(B) in either his motion to suppress his statements to police or in an assignment of error in the court of appeals, and he concedes in this court that “when the trial court overruled the motion to suppress, it did not apply the statutory presumption of voluntariness set forth in R.C. 2933.81(B).”
{¶ 48} The failure to challenge the constitutionality of a statute in the trial and appellate courts forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it. However, Barker has failed to demonstrate that the outcome would have been different, and there is nothing to suggest that but for the statutory presumption, his statement to police would have been suppressed.
{¶ 49} Accordingly, because the constitutionality of R.C. 2933.81(B) is not properly before the court, I would dismiss this appeal as improvidently accepted.
Facts and Procedural History
{¶ 50} Barker, Dequantez Nixson, Brendan Washington, and Carrielle Conn went to an apartment building intending to shoot Samuel Jeffries, who had recently filed domestic violence charges against Nixson’s mother. Barker and Nixson waited in the hallway while Washington and Conn knocked on Jeffries’s door. However, Ruddell Englemon answered the door, and according to Barker, Nixson, and Washington, Conn shot him before the group fled the scene. Englemon later died from his injuries.
*14 {¶ 51} Two days later, Nixson, Barker, and Washington, concerned that Conn would go to the police, lured her out into an isolated wooded area near some railroad tracks and shot her several times, killing her.
{¶ 52} The next day, the police took Barker, who was 15 years old at the time, into custody, and Detective Kurt Ballman read him his Miranda rights and confirmed that he understood them before questioning Barker about the shootings. After Barker responded, “Yes, sir,” and signed a form acknowledging that he had been informed of his rights, he made statements incriminating himself in both shootings.
{¶ 53} During a second interview, Barker informed detectives that he had seen an attorney, and when asked whether he wanted an attorney to be present, Barker stated, “I do want to talk to make the situation a little bit more better for you all, but—.” Ballman replied to Barker, “Okay. You tell us what you want to do. * * * Are you asking for an attorney?” Barker answered, “Just go on.” Ballman then reread Barker his Miranda rights and asked whether Barker understood. Barker replied, “Yes, sir.” He then identified Washington from a photograph.
{¶ 54} The state filed a complaint in the juvenile court, alleging that Barker was delinquent for committing the aggravated murders of Conn and Englemon. The juvenile court found probable cause to believe that Barker committed these crimes and that he was not amenable to rehabilitation in the juvenile system, and it bound him over to the common pleas court.
{¶ 55} A grand jury indicted Barker for the aggravated murders of Englemon and Conn, with firearm specifications. There were also specifications that he and his two codefendants purposefully killed Englemon and Conn to prevent their testimony in other criminal proceedings and that they murdered Conn to escape detection, apprehension, trial, or punishment for Englemon’s death. Barker was also indicted for conspiracy, aggravated robbery, and tampering with evidence, all with firearm specifications.
{¶ 56} Barker moved the trial court to suppress statements he made during the interrogation, asserting that he had not knowingly, intelligently, and voluntarily waived his Miranda rights. He did not, however, challenge the constitutionality of R.C. 2933.81(B). The trial court denied the motion, finding that Barker understood his rights and had voluntarily made statements to the police.
{¶ 57} Barker pleaded no contest to the charges against him. The trial court found him guilty of four counts of aggravated murder, two counts of aggravated robbery, and three counts of tampering with evidence, all with firearm specifications, and sentenced him to an aggregate term of 25 years to life in prison.
*15 {¶ 58} Barker appealed to the First District Court of Appeals, arguing that defense counsel was ineffective for failing to present evidence on his behalf at his amenability hearing and that the juvenile court had abused its discretion when it bound him over for trial as an adult. He also filed a supplemental brief in which he argued that the trial court erred when it overruled his motion to suppress, asserting that he did not knowingly, intelligently, or voluntarily waive his Miranda rights. Barker did not challenge the constitutionality of R.C. 2933.81(B).
{¶ 59} The court of appeals affirmed Barker’s convictions and held that the trial court’s finding that Barker had knowingly, intelligently, and voluntarily waived his Miranda rights was supported by the record. The court of appeals stated that “[njothing in the record refutes the presumption that Tyshawn’s statements were made voluntarily” and that “[biased on our review of the recording, we conclude that the trial court’s finding that Tyshawn had voluntarily, knowingly and intelligently waived his Miranda rights was supported by the record. The court properly denied the motion to suppress.” 2014-Ohio-3245, 2014 WL 3723880, ¶ 12-13.
Positions of the Parties
{¶ 60} On appeal to this court, Barker asserts that the court of appeals’ application of R.C. 2933.81(B) is plain error because it implicates the constitutional protections of the Due Process Clause as applied to a juvenile and violates the constitutional protections set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and its progeny. He argues for the first time in this case that the statutory presumption that a custodial statement is voluntary under R.C. 2933.81(B) is unconstitutional because it shifts the burden of proving that statements were voluntarily made from the state to the accused. He contends that a juvenile’s will is more easily overborne by police pressure and inducements than an adult’s and that requiring a juvenile to prove that a videotaped interrogation is involuntary thus violates due process. Barker further argues that the statutory presumption of voluntariness does not affect a reviewing court’s analysis of whether the accused waived Miranda rights. He maintains that the court of appeals improperly applied the presumption from R.C. 2933.81(B) rather than the Miranda totality of the circumstances test.
{¶ 61} The state contends that res judicata bars Barker’s claim that R.C. 2933.81(B) is unconstitutional because he did not raise the issue in the trial court or the court of appeals. It therefore maintains that Barker’s request for this court to rule on the constitutionality of R.C. 2933.81(B) is tantamount to a request for an advisory opinion, because the trial court never presumed that Barker’s statement was voluntary when it ruled on his motion to suppress, and the court of appeals did not apply the statute when considering whether Barker waived his *16 Miranda rights but, rather, reviewed the totality of the circumstances surrounding his interrogation.
{¶ 62} Barker responds that the constitutionality of R.C. 2933.81(B) was properly preserved, because he filed a motion to suppress the statements made during his interrogation and the appellate court reviewed that issue.
{¶ 63} Accordingly, before this court addresses Barker’s challenge to R.C. 2933.81(B), a determination should be made regarding whether the matter is properly before this court for review.
Law and Analysis
{¶ 64} In State v. Quarterman, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, we noted the “well-established rule that ‘ “an appellate court will not consider any error which counsel for a party complaining of the trial court’s judgment could have called but did not call to the trial court’s attention at a time when such error could have been avoided or corrected by the trial court.” ’ ” Id. at ¶ 15, quoting State v. Awan, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting State v. Childs, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. And this court “will not ordinarily consider a claim of error that was not raised in any way in the Court of Appeals and was not considered or decided by that court.” State v. Price, 60 Ohio St.2d 136, 398 N.E.2d 772 (1979), paragraph two of the syllabus.
{¶ 65} Crim.R. 52(B) affords appellate courts discretion to correct “[pjlain errors or defects affecting substantial rights” notwithstanding the accused’s failure to meet his obligation to bring those errors to the attention of the trial court. However, the accused bears the burden of proof to demonstrate plain error on the record, Quarterman at ¶ 16, and must show “an error, i.e., a deviation from a legal rule” that constitutes “an ‘obvious’ defect in the trial proceedings,” State v. Barnes, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002), quoting State v. Sanders, 92 Ohio St.3d 245, 257, 750 N.E.2d 90 (2001). However, even if the error is obvious, it must have affected substantial rights, and “[w]e have interpreted this aspect of the rule to mean that the trial court’s error must have affected the outcome of the trial.” Id. Thus, as we recently clarified in State v. Rogers, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, the accused is “required to demonstrate a reasonable probability that the error resulted in prejudice.” (Emphasis sic.)
{¶ 66} But even when the accused demonstrates that a plain error affected the outcome of the proceeding, “an appellate court is not required to correct it; we have ‘admonish[ed] courts to notice plain error “with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of jus *17 tice.” ’ ” (Emphasis sic.) Id. at ¶ 23, quoting Barnes at 27, quoting State v. Long, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Rachel Lipman Curran, Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Sheryl Trzaska, Assistant Public Defender, for appellant.
{¶ 67} Here, Barker did not raise any challenge to R.C. 2933.81(B) in his motion to suppress filed in the trial court or in an assignment of error on appeal. Rather, he argued only that he did not knowingly, intelligently, or voluntarily waive his Miranda rights, and although he briefly addressed the statutory presumption of voluntariness in his appellate brief, he nonetheless did not question the statute’s constitutionality before the appellate court. Accordingly, Barker has forfeited all but plain error, and it is his burden to demonstrate a reasonable probability that but for an error in applying R.C. 2933.81(B), his statements would have been suppressed.
{¶ 68} In my view, there is no reasonable probability that Barker’s statements to police would have been suppressed, and reversal here is not necessary to correct a manifest miscarriage of justice. Importantly, Barker concedes that the trial court did not apply R.C. 2933.81(B) when it denied his motion to suppress, and therefore he cannot demonstrate that it committed any error, much less plain error, in this regard. And although the court of appeals acknowledged the existence of R.C. 2933.81(B), there is no indication that it would have ordered Barker’s statements suppressed but for the statutory presumption that statements made during an electronically recorded interrogation of a suspect are voluntary. As the appellate court recognized, it had the duty to defer to the trial court’s factual findings, and based on its independent review of the interrogation recording, it upheld the trial court’s finding that Barker knowingly, intelligently, and voluntarily waived his Miranda rights. Nothing in the record shows that the statutory presumption materially impacted the appellate court’s analysis or that the trial court erred in denying the motion to suppress.
{¶ 69} Thus, this is not a case in which the accused’s statement to police would have been suppressed but for the presumption of voluntariness established by R.C. 2933.81(B), and because the constitutional question at issue here has not been presented for consideration by the trial and appellate court in the first instance, it is not properly before our court. For these reasons, I would dismiss the appeal as improvidently accepted.
Kennedy, J., concurs in the foregoing opinion.
*18 Marsha L. Levick and Steven A. Drizin, urging reversal for amici curiae, Juvenile Law Center and Center on Wrongful Convictions of Youth, Bluhm Legal Clinic, Northwestern University School of Law.