[Cite as *State v. Howell*, 2020-Ohio-5503.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| -vs- | Case No. 2019CA00165 |
| JOSHUA W. HOWELL | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Massillon Municipal
                              Court, Case No. 2019TRD03680

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       November 30, 2020

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KASSEM AHMED                          GEORGE URBAN
Massillon City Prosecutor             116 Cleveland Avenue, North, Suite #808
2 James Duncan Plaza                  Canton, Ohio  44702
Massillon, Ohio  44646

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Joshua W. Howell appeals the judgment entered by the Massillon Municipal Court convicting him of failure to yield the right of way (R.C. 4511.44(A)) and leaving the scene of an accident (R.C. 4549.02) and sentencing him to 180 days in jail. Appellee is the state of Ohio.[1]

### STATEMENT OF THE FACTS AND CASE

**{¶2}** At around 11:30 a.m. on May 16, 2019, Walter Boney and his wife, Berdella Boney, were traveling on Higbee Avenue, near the intersection of Holiday Street, in Jackson Township. Walter was driving the couple's Lexus automobile on their way to an appointment when a box truck entered the roadway from a private drive, striking the driver's front side of the Lexus. The driver of the box truck backed up, then left the scene of the accident. The Lexus was totaled as a result of the damage incurred in the accident, and Mrs. Boney was injured.

**{¶3}** A license plate was found at the scene of the accident. Jackson Police Officer Moderwell traced the license plate to a vehicle owned by American Food and Vending Corporation. Matthew Crago, the operations manager of American Food and Vending, traced the plate to a box truck assigned to Appellant. Crago further confirmed Appellant was the only driver in the area at the time of the accident.

**{¶4}** Crago attempted to reach Appellant by telephone. When Appellant returned Crago's call, Crago told him to return to the scene of the accident. Appellant maintained he did not know what Crago was talking about, and did not return to the scene. Instead, he returned the truck to the warehouse and relinquished the keys to the warehouse

---

[1] The State has not filed a brief in the instant appeal.

manager.  Officer Moderwell examined the box truck at the warehouse and determined the damage to the truck was consistent with the accident.  The officer further learned from LEADS that on the day of the accident, Appellant's driver's license was suspended.

{¶5}  The day after the accident, Appellant called Crago to inquire about his final paycheck.  Crago told Appellant to return all property belonging to American Food and Vending in order to receive his check.  Appellant returned his uniforms, key cards, and other property belonging to the company, picked up his final paycheck, said, "I'm sorry," and left.

{¶6}  Appellant was charged with failure to yield the right of way from private property and leaving the scene of an accident.  The case proceeded to jury trial in the Massillon Municipal Court.

{¶7}  At trial, Appellant testified his route for American Food and Vending did go through the area of Higbee and Holiday, but he did not hit a vehicle on the day of the accident.  He admitted his license was suspended at the time, but claimed he was unaware of the suspension and only learned of it at a later date.  He testified the truck was damaged at the time he began driving for American Food and Vending.

{¶8}  The jury found Appellant guilty of leaving the scene of an accident.  The court found Appellant guilty of failure to yield the right of way, a minor misdemeanor.  The court sentenced Appellant to 180 days in jail for leaving the scene and fined him $500, with $250 of the fine suspended.  The court fined Appellant $25 for failure to yield the right of way and ordered him to pay court costs.

{¶9}  It is from the October 24, 2019, judgment of the Massillon Municipal Court Appellant prosecutes this appeal, assigning as error:

I. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

II. THE TRIAL COURT ERRED BY PERMITTING THE STATE TO INTRODUCE EVIDENCE REGARDING APPELLANT'S LICENSE SUSPENSION.

III. APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

I.

**{¶10}** In his first assignment of error, Appellant argues his convictions are against the manifest weight and sufficiency of the evidence.

**{¶11}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶12}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶13}** Appellant was convicted of leaving the scene of an accident in violation of R.C. 4549.02, which provides:

(A)(1) In the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision. The operator shall remain at the scene of the accident or collision until the operator has given the operator's name and address and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to all of the following:

(a) Any person injured in the accident or collision;

(b) The operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision;

(c) The police officer at the scene of the accident or collision.

**{¶14}** Appellant was also convicted of failing to yield the right of way in violation of R.C. 4511.44, which provides:

(A) The operator of a vehicle, streetcar, or trackless trolley about to enter or cross a highway from any place other than another roadway shall

yield the right of way to all traffic approaching on the roadway to be entered

or crossed.

**{¶15}** Appellant argues the State presented insufficient evidence to identify him as the driver of the box truck which entered Higbee Avenue from a private driveway, striking the Boneys' Lexus. Both of the Boneys described the vehicle which hit them as a box truck. A license plate was found at the scene, registered to a box truck belonging to American Food and Vending. Matthew Crago testified the plate was registered to a truck assigned to Appellant. Crago further testified he confirmed Appellant was in the area on the date and time in question, and testified no other driver would have been in the area. Appellant admitted in his testimony his route took him through the area near Higbee and Holiday. Police examined the truck Appellant had returned to the warehouse, and found damage consistent with the accident. From this evidence, a rational trier of fact could find the State proved Appellant was the driver of the truck which caused the accident.

**{¶16}** Appellant further argues the State presented insufficient evidence he was aware an accident occurred, giving rise to a duty to remain at the scene. He argues Mr. Boney's testimony demonstrates the accident was not severe, and in fact some of the damage done to the Lexus was caused by the tow truck.

**{¶17}** Mr. Boney testified at the scene of the accident he had to work to open the driver's side door of the vehicle, but when he went to remove his personal effects from the vehicle after the insurance company declared the vehicle totaled, the door worked

freely.  His testimony therefore suggests the tow truck operator might have repaired the door, rather than doing further damage to the vehicle.

{¶18}  The State presented evidence the Lexus was declared totaled by the insurance company, and Mrs. Boney was treated for injuries from the accident.  The collision was of sufficient strength to cause the license plate on the box truck driven by Appellant to detach from the vehicle.  Further, both of the Boneys testified the driver of the box truck backed up before leaving the scene.  From all of this evidence, a rational trier of fact could have found Appellant was aware of the accident.

{¶19}  We find the judgment is supported by sufficient evidence.

{¶20}  As to his manifest weight claim, Appellant argues the testimony of the Boneys is inconsistent as to how the accident occurred, as Walter Boney testified the truck struck the driver's side front of the vehicle, while Berdella Boney testified the truck hit the front of the vehicle, implying the collision was head-on.  Berdella Boney testified as follows:


Q:  Do you remember what part of your vehicle, when I say your vehicle, your and your husband's vehicle, do you remember which part of it was struck.

A:  Yeah, it'd be the front part of the car.

Q:  On you [sic] side or the driver's side.

A:  No, on the driver's side.


{¶21}  Tr. 58.

**{¶22}** We find no material inconsistencies in the testimony of Walter and Berdella Boney about how the accident occurred, and the judgment is not against the manifest weight of the evidence.

**{¶23}** The first assignment of error is overruled.

II.

**{¶24}** In his second assignment of error, Appellant argues the court erred in allowing Officer Moderwell to testify about information he obtained through LEADS that Appellant's driver's license was under suspension on the date of the accident for refusing to submit to OVI testing.

**{¶25}** Appellant made an oral motion in limine to exclude evidence of the status of Appellant's license prior to trial. Tr. 35. The trial court ruled the evidence was relevant evidence of motive, and denied the motion.

**{¶26}** Appellant did not object at the time the officer testified about the status of his driver's license. A motion in limine is insufficient to preserve the error for appellate review; the complaining party must object to the testimony at the time it is presented at trial in order to preserve the error. *E.g., State v. Maurer*, 15 Ohio St.3d 239, 259-260, 473 N.E.2d 768, 787-788 (1984). We therefore must find plain error in order to reverse. The Ohio Supreme Court has set forth the following standard for plain error:

Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding an accused's failure to meet his obligation to bring those errors to the attention of the trial court. However, the accused bears the burden to demonstrate plain error

on the record, *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

Even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *Id*. We recently clarified in *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, that the accused is "required to demonstrate a reasonable probability that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) *Id*. at ¶ 22, *citing United States v. Dominguez Benitez*, 542 U.S. 74, 81–83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

If the accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; we have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " (Emphasis added.) *Barnes* at 27, 759 N.E.2d 1240, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶27}** *State v. Thomas*, 2017-Ohio-8011, ¶¶ 32-34.

**{¶28}** Evid. R. 404(B) governs the admission or evidence of other bad acts:

(B) **Other Crimes, Wrongs or Acts**. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

**{¶29}** We agree with the trial court's ruling on the motion in limine concerning the fact Appellant's license was suspended on the date of the accident. Evidence Appellant's license was under suspension was admissible pursuant to Evid. R. 404(B) to demonstrate a motive for leaving the scene. While the reason for the suspension was not relevant to demonstrate motive, we find its admission was not plain error. Abundant circumstantial evidence was presented to demonstrate Appellant was the driver of the box truck involved in the accident. We find the result of the proceeding would not have been different absent evidence the reason for the license suspension was Appellant's refusal to submit to OVI testing.

**{¶30}** Appellant also argues the State failed to present documentary evidence to support its claim Appellant's license was suspended on May 16, 2019, and failed to prove Appellant was aware of the suspension. Appellant's claims go to the weight to be given the evidence, and not to its admissibility. Appellant was not charged with driving under

suspension. The officer testified he had checked the status of Appellant's operator's license through LEADS, and it was suspended on May 16, 2019. Appellant testified he was unaware of the suspension on the date of the accident, and only learned of it later. Further, we find Appellant has not demonstrated a reasonable probability of a change in the outcome of the trial had evidence of his license suspension been excluded.

**{¶31}** The second assignment of error is overruled.

III.

**{¶32}** In his third assignment of error, Appellant argues counsel was ineffective for failing to object to evidence of his license suspension, failing to object to the evidentiary value and authenticity of the evidence, and failing to ask for a limiting instruction regarding such evidence.

**{¶33}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

**{¶34}** As discussed in Appellant's second assignment of error, he has not demonstrated a reasonable probability the outcome of the proceeding would have been

different in the absence of the officer's brief testimony concerning the status of Appellant's

operator's license on the date in question.  We find counsel was not ineffective.

{¶35}  The third assignment of error is overruled.

{¶36}  The judgment of the Massillon Municipal Court is affirmed.


By: Hoffman, P.J.

Gwin, J.  and

Wise, John, J. concur