[Cite as *State v. Scott*, 2023-Ohio-1091.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

MATTHEW LARRY SCOTT,

      Defendant-Appellant.

CASE NO. 2022-T-0084

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2019 CR 00650

**O P I N I O N**

Decided: March 31, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Mandy J. Gwirtz*, Gwirtz Law, LLC, 20050 Lakeshore Boulevard, Euclid, OH 44123 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1}    Appellant, Matthew Larry Scott, appeals from the judgment of the Trumbull County Court of Common Pleas, sentencing him to serve an indefinite prison term of four to six years. Appellant challenges the trial court's imposition of the prison term as well as the constitutionality of Ohio's indefinite sentencing statutory scheme, i.e., the Reagan Tokes Act. For the reasons discussed in this opinion, we affirm the trial court.

{¶2}    Appellant was indicted on two counts of rape, in violation of R.C. 2907.02(A)(1)(c) and (B), felonies of the first degree; and two counts of rape, in violation

of R.C. 2907.02(A)(2) and (B), felonies of the first degree. On May 4, 2022, appellant waived his rights and entered a guilty plea to a bill of information on one count of felonious assault, in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree; and one count of abduction, in violation of R.C. 2905.02(A)(2) and (C), a felony of the third degree. The trial court ordered a presentence investigation report. After a hearing, appellant was sentenced to serve an indefinite prison term of four to six years on the felonious assault count and a prison term of 24 months on the abduction count. The trial court ordered the sentences to be served concurrently. This appeal follows.

{¶3} Appellant assigns five errors. Because the initial four are related, we shall address them together. They provide:

{¶4} "[1.] The defendant-appellant's indeterminate prison sentence of four to six years that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, must be reversed as the Reagan Tokes Act is unconstitutionally void for vagueness.

{¶5} "[2.] The defendant-appellant's indeterminate prison sentence of four to six years that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, must be reversed as the Reagan Tokes Act unconstitutionally violates the doctrine of separation of powers.

{¶6} "[3.] The defendant-appellant's indeterminate prison sentence of four to six years that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, violates his constitutional right to trial by jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the Ohio Constitution.

2

{¶7} "[4.] The defendant-appellant's indeterminate prison sentence of four to six years that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, violates his constitutional rights to fair trial and due process as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 5 & 10 of the Ohio Constitution."

{¶8} Although he does not specifically identify the nature of his constitutional challenges, because his presumptively minimum prison term has yet to be extended, they must be generally construed as facial challenges to the Reagan Tokes Act. *See State v. Stenson*, 2022-Ohio-2072, 190 N.E.3d 1240, ¶ 31 (6th Dist.) (the "ODRC has not sought to extend [appellant's] term beyond the presumptive minimum sentence * * * [and his] challenge to the Reagan Tokes Law is necessarily a facial challenge"). "A facial challenge to a statute is the most difficult to bring successfully because the challenger must establish that there exists no set of circumstances under which the statute would be valid." (Citation omitted.) *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37. "The fact that a statute might operate unconstitutionally under some plausible set of circumstances is insufficient to render it wholly invalid." (Citation omitted.) *Id.*

{¶9} With this standard in mind, appellant did not raise any objections or constitutional challenges to the statutory scheme in the trial court. "'[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court.'" *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). Still, a reviewing court has "discretion to consider a forfeited

3

constitutional challenge to a statute" and "may review the trial court decision for plain error, but we require a showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." (Citations omitted.) *Quarterman* at ¶ 16. "The burden of demonstrating plain error is on the party asserting it." (Citation omitted.) *Id.* The Supreme Court of Ohio has also "stated that a forfeited constitutional challenge to a statute is subject to review 'where the rights and interests involved may warrant it.'" *Id.,* quoting *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.

{¶10}  This court, in *State v. Reffitt*, 11th Dist. Lake No. 2021-L-129, 2022-Ohio-3371, previously concluded the Reagan Tokes Act (1) is not unconstitutionally void for vagueness, *id.* at ¶ 29-42; (2) does not unconstitutionally violate the doctrine of separation of powers, *id.* at ¶ 44-50; (3) does not violate a defendant's right to a trial by jury, *id.* at ¶ 52-58; and (4) does not violate a defendant's right to a fair trial and due process, *id.* at ¶ 60-72. *See also State v. Abdullah*, 2022-Ohio-3977, 200 N.E. 3d 627, ¶ 62 (11th Dist.).  Nevertheless, there are several points raised by appellant's assigned errors that were not directly covered in *Reffitt.*  We shall therefore touch on those points to ensure a comprehensive analysis.

{¶11}  First, under his void-for-vagueness challenge, appellant points out that, pursuant to R.C. 2967.271(C)(1)(a), he can be held in prison beyond the presumptive release date if the Department of Rehabilitation and Correction ("DRC") determines he committed a violation of the law that was not prosecuted while he was incarcerated. Appellant reasonably points out the lack of clarity in the phrase "a violation of law that was not prosecuted."  If an act goes unprosecuted, it is unclear who determines the action

4

was a violation of law.  And, if an act is deemed by a functionary of the DRC (likely the Rules Infraction Board set forth in Ohio Adm.Code 5120-9-08) as an unprosecuted violation, appellant expresses concern that relying upon the act to extend his prison term would essentially negate certain fundamental rights a criminal defendant would ordinarily enjoy, e.g., the right to counsel, right to a jury trial, and the right to compulsory process.

{¶12}  In *State v. Maddox*, 168 Ohio St.3d 292, 2022-Ohio-764, 198 N.E.3d 797, the Supreme Court of Ohio determined the Reagan Tokes Act is fit for facial constitutional challenges on a defendant's direct appeal.  *Id.* at ¶ 19. This is so, in part, "because no additional factual development is necessary * * *" to address the merits of the challenges. *Id.*  The perils appellant identifies, however, relate to the necessity of additional facts which cannot be foreseen at this point.  In other words, if and when the concerns appellant raises materialize, he may then raise a constitutional "as-applied" challenge to the statutory scheme.  "An as[-]applied challenge of an infraction received under [the Rules Infraction Board] would have to be raised through a separate writ upon imposition of the infraction."  *Abdullah* at ¶ 62.   Accordingly, any challenges to the vagueness of the enforcement of the statute by the Rules Infraction Board must be pursued through a petition for an extraordinary writ, such as mandamus or perhaps habeas corpus.  *Id.*, citing *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536, ¶ 87 (8th Dist.).  In this respect, appellant's as-applied challenge is not yet ripe.

{¶13}  Next appellant identifies similar language in R.C. 2967.271(C)(1)(a) that permits an offender to be held beyond the presumptive release date if any of the alleged infractions or violations demonstrate that the offender has not been rehabilitated. Appellant again contends the phrase "demonstrate that the offender has not been

5

rehabilitated" is unconstitutionally vague. Appellant notes that the phrase is hopelessly dependent upon value-laden subjective assessments and therefore unclear what may or may not trigger this statutory condition. Much like appellant's previous argument, this challenge requires additional facts which have not developed (and may never occur). It is therefore unripe and the subject of an as-applied challenge if and when appellant has cause to raise it.

{¶14} Appellant additionally takes issue with R.C. 2967.271(C)(1)(b). That subsection permits the DRC to rebut the presumption that appellant be released after the minimum time if his behavior demonstrates he "continues to pose a threat to society." Appellant recognizes that his behavior while incarcerated will be measured against institutional rules; the statute, however, indicates that other, unlisted potential or arguable infractions may be used as a metric to determine whether he continues to pose a threat to society. This argument, while potentially worth exploring if appellant is subjected to additional incarceration beyond the minimum term, is nevertheless an as-applied challenge. He must therefore wait to assert the challenge if and when such facts manifest themselves.

{¶15} Appellant makes two final arguments related to unconstitutional vagueness: (1) Under R.C. 2967.271(C)(2), the DRC may invoke the indeterminate portion of his sentence if he is placed in restrictive housing at any time within a year before his hearing; and (2) Pursuant to R.C. 2967.271(C)(3), the indeterminate portion of the sentence may be imposed if he is classified as a level three, four, five, or higher security level. Appellant points out that each designation is dependent upon the discretion of the DRC and thus is not simply vague (because no standards are articulated for their implementation), but also

6

potentially violative of due process and an inmate's equal protection rights. As with appellant's previous arguments, these points will be ripe if and when they are used as a means of keeping appellant in prison beyond the minimum sentence. At this point, these as-applied challenges are not yet justiciable and cannot be reviewed.

{¶16} With respect to appellant's separation of powers argument, this court, in *Reffitt*, thoroughly examined the nuances of the challenge and rejected the same. The *Reffitt* panel concluded:

> In Reagan Tokes sentences, the court imposes both presumptive minimum and possible maximum prison terms in its sentence. Thereafter, the ODRC determines whether the offender's conduct warrants more than the minimum imposed. However, the ODRC cannot exceed the judiciary's maximum imposed sentence. Therefore, [*State ex rel.*] *Bray* [*v. Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000)] does "not compel the conclusion that the Reagan Tokes Law violates the separation of powers doctrine." *Id.*

*Reffitt*, 2022-Ohio-3371, at ¶ 49; *see also Abdullah*, 2022-Ohio-3977, at ¶ 68; *State v. Taylor*, 2022-Ohio-3611, 198 N.E.3d 956, ¶ 55 (11th Dist.).

{¶17} Similarly, in *Reffitt*, this court fully addressed the trial-by-jury challenge alleged by appellant. In doing so, this court rejected the challenge and held:

> Because R.C. 2967.271 requires the trial court to impose a minimum and maximum indefinite term, the only discretion granted to the trial court is the minimum term. The court is not imposing a term greater than the maximum as prohibited under *Apprendi*[ *v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)]. Further, the court is not imposing a sentence longer than the minimum term prescribed by statute based on findings of facts in addition to those considered by the jury in *Blakely*[ *v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)] or [*State v. ]Foster*[, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470]. We do

7

not find that R.C. 2967.271(C) or (D) is unconstitutional under *Apprendi* or its progeny.

*Reffitt* at ¶ 57; *see also Abdullah* at ¶ 71.

{¶18} Finally, this court has previously and fully treated the due process argument advanced by appellant. In *Reffitt*, this court rejected the due process challenge, pointing out it requires an as-applied analysis. The panel determined:

> Appellant's challenges to the Reagan Tokes Law are facial in nature and he must therefore establish that there exists no set of circumstances under which the statute would be valid. *Harrold v. Collier*, 107 Ohio St.3d 44 at ¶ 37. Appellant's arguments relating to a future hearing to rebut his presumptive release are a challenge to the due process safeguards that *will be afforded in the future* under R.C. 2967.271 through a hearing to rebut his presumption of release. "*The fact that a statute might operate unconstitutionally under some plausible set of circumstances is insufficient to render it wholly invalid.*" *Id.,* citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329, paragraph four of the syllabus, and *United States v. Salerno*, 481 U.S. 739, 745. "Should the Law ultimately be applied in a manner that is unconstitutional, an offender would not be precluded from challenging the Law as applied." *State v. Stenson*, 6th Dist. No. L-20-1074, 2022-Ohio-2072, 190 N.E.3d 1240, ¶ 33. (Emphasis original).

*Reffitt* at ¶ 67; *Abdullah*, 2022-Ohio-3977, at ¶ 79; *Taylor*, 2022-Ohio-3611, at ¶ 85.

{¶19} In light of the foregoing, appellant's first, second, third, and fourth assignments of error are without merit.

{¶20} Appellant's fifth assignment of error provides:

{¶21} "The individual prison terms imposed by the trial court on counts one and two were unsupported by the record with respect to the factors the court must consider pursuant to R.C. 2929.12 and thus, are contrary to law."

8

Case No. 2022-T-0084

{¶22} Pursuant to R.C. 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing," and it "shall consider the factors * * * relating to the seriousness of the conduct" and "to the likelihood of the offender's recidivism." R.C. 2929.12(A).

{¶23} R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, and it "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b); *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11.

{¶24} "A sentence is contrary to law when it is 'in violation of statute or legal regulations' * * *." *Meeks* at ¶ 11, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34. Thus, "'[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 11, quoting *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 74; *see also State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18. The Supreme Court has further held that a sentence is contrary to law if "it is imposed 'based on factors or considerations that are extraneous to those [seriousness and recidivism factors] that are permitted by R.C. 2929.11 and 2929.12.'" *Meeks* at ¶ 11, quoting *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22. "But an appellate court's determination that the record does not support a sentence does not

9

equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Jones* at ¶ 32.

{¶25} Further, this court has frequently noted that "even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record to comport with its statutory obligations." *Shannon* at ¶ 17, citing *State v. Parke*, 11th Dist. Ashtabula No. 2011-A-0062, 2012-Ohio-2003, ¶ 24; *State v. Blake*, 11th Dist. Lake No. 2003-L-196, 2005-Ohio-686, ¶ 16.

{¶26} Appellant essentially argues that the record does not support the severity of his sentence. Specifically, he notes that he was young at the time of the offense, 23-years old and had matured significantly while the case was pending. After posting bond, he was gainfully employed and had no violations prior to his conviction. And, while he recognizes he had "some prior misdemeanor offenses," he had never been convicted of a felony prior to this case.

{¶27} Regardless of appellant's attempts to justify his position on appeal, as outlined above, we cannot assess whether, under R.C. 2929.12, his sentence was unsupported by the record. We must simply look to whether it was within the statutory range (it was), and whether the trial court considered the purposes and principles of felony sentencing (it did).

{¶28} At the sentencing hearing, the trial court stated:

> The problem in this case is you were drinking and so was the victim in the case and it led to behavior that caused serious, serious psychological harm. And while some of the principles in sentencing are whether or not you can be rehabilitated, also some are you don't want to demean the seriousness of the offense, and your conduct here involved some very outrageous injuries to the victim.

10

The court will incorporate the pre-sentence investigation into this sentencing hearing and I'm going to find that the presumption in favor of prison has not been rebutted because the instant offense had serious consequences and the victim suffered physical and great psychological harm and the crime here was facilitated by drinking to excess along with a combination of drug consumption.

The defendant also has a history of violent offenses not on a scale that is so severe, but it still demonstrates some violent history on your part involving domestic violence. And also you had an incident while you were incarcerated that involved some violence.

{¶29} This court has frequently noted that even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record to comport with its statutory obligations. *Shannon*, 2021-Ohio-789, ¶ 17, citing *State v. Parke*, 11th Dist. Ashtabula No. 2011-A-0062, 2012-Ohio-2003, ¶ 24; *State v. Blake*, 11th Dist. Lake No. 2003-L-196, 2005-Ohio-686, ¶ 16. Nevertheless, at the sentencing hearing, the trial court pointed to the significant harm appellant caused the victim; the severity of the nature of the conduct that led to the charges; appellant's criminal history; the fact that the crime was facilitated by drug and alcohol use; the court also underscored appellant was involved in an incident of violence which occurred while he was incarcerated in this case. These determinations relate to the statutory factors which must be considered under R.C. 2929.12.

{¶30} Furthermore, in its judgment entry, the trial court stated it had considered the record, oral statements and any victim impact statements, as well as the purposes and principles of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors of R.C. 2929.12. Given the record as well as our standard of review, appellant's sentence is not contrary to law.

11

**{¶31}** Appellant's final assignment of error lacks merit.

**{¶32}** For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2022-T-0084