[Cite as *State v. Hoyle*, 2023-Ohio-3217.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

DAROLD L. HOYLE, II,

        Defendant-Appellant.

CASE NO. 2022-L-103

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 001480

## O P I N I O N

Decided: September 11, 2023
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, *Kristi L. Winner* and *Adam M. Downing*, Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Cleveland, OH 44131 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Darold L. Hoyle, II, appeals from his sentences for Attempted Murder and Improperly Discharging a Firearm at or into a Habitation in the Lake County Court of Common Pleas. For the following reasons, we affirm the judgment of the lower court.

{¶2}    On December 15, 2021, Hoyle was indicted by the Lake County Grand Jury for two counts of Attempted Murder, felonies of the first degree, in violation of R.C. 2923.02 and R.C. 2903.02; four counts of Felonious Assault, felonies of the second

degree, in violation of R.C. 2903.11(A)(1) and (2); Improperly Discharging a Firearm at or into a Habitation, a felony of the second degree, in violation of R.C. 2923.161(A)(1); and Breaking and Entering, a felony of the fifth degree, in violation of R.C. 2911.13(B). All counts had firearm specifications under R.C. 2941.145 and Breaking and Entering also had a firearm specification under R.C. 2941.141.

{¶3} During the course of the proceedings, the court found Hoyle competent to stand trial and denied a motion to suppress a statement made by Hoyle following his arrest.

{¶4} On August 23, 2022, a plea hearing was held and a Written Plea of Guilty and Judgment Entry was filed. Hoyle entered a plea of guilty to two Counts of Attempted Murder with accompanying firearm specifications and Improperly Discharging a Firearm at or into a Habitation. The remaining charges were dismissed. The State indicated it would have proven Hoyle got in an argument with a male that Hoyle discovered at the residence of the woman Hoyle had been dating. Hoyle subsequently returned to the residence and fired shots inside, striking both victims.

{¶5} A sentencing hearing was held on October 12, 2022. Defense counsel argued that this incident was out of character for Hoyle and emphasized letters of support submitted by friends and family. Counsel observed that Hoyle had only misdemeanor convictions and the last conviction was ten years ago. Counsel emphasized Hoyle's remorse for the offenses and indicated that he was struggling with homelessness, job loss, and the loss of a family member, as well as mental health concerns and substance abuse. Counsel argued that Hoyle acted under "strong provocation as he came upon his girlfriend with another man." Hoyle apologized to the victims and their families, as well

2

as the residents of the condo complex where the shooting occurred. He took responsibility for his actions but indicated that, when the incident occurred, he was off his mental health medication and was using drugs and alcohol.

{¶6} The State emphasized that Hoyle had fired 25 rounds into the condo where the shooting occurred and that the victims suffered permanent injury. The female victim lost a portion of her toe and was struck in the legs and foot three times, and the male victim lost a toe, was struck in the legs and foot eight times, had four surgeries, and will have additional surgeries to remove bullet fragments from his body. It noted that the victims indicated they suffered serious psychological injury. It emphasized that the act was planned, as Hoyle left the residence, drove to a separate county, and returned with his weapon. The State requested a sentence of 32 years in prison.

{¶7} The court stated that it had considered the purposes of sentencing under R.C. 2929.11 and the relevant seriousness and recidivism factors under R.C. 2929.12. It found that the victims suffered serious physical, psychological, and economic harm and that Hoyle's relationship with the victim facilitated the harm. It emphasized that the incident with his girlfriend did not justify shooting 25 rounds into a residential bedroom. It noted Hoyle had juvenile offenses but did not have an extensive criminal history as an adult and found that Hoyle regretted his actions. The court ordered Hoyle to serve consecutive terms of 11 years for count one of Attempted Murder, 11 to 16.5 years for count two of Attempted Murder, 4 years for Improperly Discharging a Firearm at or into a Habitation, and 3 years for each firearm specification, for a total term of 32 years to 37.5 years in prison. This sentence was memorialized in an October 18, 2022 Judgment Entry.

{¶8} Hoyle timely appeals and raises the following assignment of error:

3

{¶9} "The appellant's sentence in this matter is contrary to the guidelines of Ohio's sentencing statutes."

{¶10} Hoyle raises two separate arguments relating to his sentence. First, he contends that the court's maximum 11 year sentences for the Attempted Murder charges were an abuse of discretion. He contends that the court failed to properly consider the seriousness and recidivism factors under R.C. 2929.12(C) and (E) that are favorable to Hoyle, including Hoyle's expression of remorse, his lack of a "prior adult record," and that the circumstances of the crime were unlikely to occur again.

{¶11} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 [or] * * * [t]hat the sentence is otherwise contrary to law." *Id.* "The appellate court's standard for review is not whether the sentencing court abused its discretion." *Id.*

{¶12} "A sentence is contrary to law when it is 'in violation of statute or legal regulations,'" such as where it falls outside of the statutory range for the offense or where the trial court fails to consider the purposes and principles of sentencing under R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34; *State v. Scott*, 11th Dist. Trumbull No. 2022-T-

4

Case No. 2022-L-103

0084, 2023-Ohio-1091, ¶ 24. The Ohio Supreme Court has further held that a sentence is contrary to law if "it is imposed 'based on factors or considerations that are extraneous to those [seriousness and recidivism factors] that are permitted by R.C. 2929.11 and 2929.12.'" *Meeks* at ¶ 11, quoting *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22.

{¶13} "[A]n appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Jones* at ¶ 32. We "cannot review alleged error under R.C. 2929.11 and R.C. 2929.12 to evaluate whether the sentencing court's findings for those sentences are unsupported by the record." *State v. Reed*, 11th Dist. Ashtabula No. 2022-A-0082, 2023-Ohio-1324, ¶ 13.

{¶14} There is no dispute that the sentences given were within the statutory ranges for the offenses. R.C. 2929.14(A)(1)(a) (indefinite prison term for first degree felony is three to eleven years); R.C. 2929.14(A)(2)(a) (indefinite prison term for second degree felony is two to eight years). Further, Hoyle does not argue that the court considered impermissible facts. Instead, he contends that there was "an abuse of discretion" in "the failure of the trial court to consider" factors relating to his remorse, lack of a prior record, and the improbability of committing a similar offense in the future. We disagree.

{¶15} As noted above, we evaluate sentences not for an abuse of discretion but determine whether they are clearly and convincingly contrary to law. As to consideration of the factors, we note that "even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record

5

to comport with its statutory obligations." (Citations omitted.) *Scott* at ¶ 25. Although not required to do so, the trial court made findings demonstrating it considered each of the factors disputed by Hoyle. The court specifically recognized that Hoyle regretted his actions. The court reviewed and stated Hoyle's criminal record and correctly recognized that he "does not have an extensive criminal history as an adult." Although Hoyle argues he had "no prior adult record," this is inaccurate as he had committed several misdemeanor offenses. Finally, the court considered and rejected Hoyle's argument that this offense was unlikely to be committed again because it involved a girlfriend, recognizing the danger posed to society when an individual shoots 25 rounds into an occupied condominium building due to his romantic interest being with another man.

{¶16} It appears Hoyle's true concern is with the court's weighing of the factors, an issue we cannot consider on appeal. This court is not permitted to "weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42; *State v. Freshwater*, 11th Dist. Lake No. 2022-L-071, 2023-Ohio-1248, ¶ 10 ("[g]iven the holding in *Jones*, we are precluded from reviewing whether [the defendant's] sentence is supported by the record under R.C. 2929.12"). Since the court's sentence was not contrary to law and we are precluded from reviewing whether the sentence is supported by the record under R.C. 2929.12, we find no error.

{¶17} Hoyle also argues that the court erred in ordering consecutive sentences, contending that the findings made by the trial court were not supported by the record.

{¶18} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is "necessary to protect the

6

public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," *and* finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present. The pertinent R.C. 2929.14(C)(4)(a)-(c) factor here is (b): "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed * * * adequately reflects the seriousness of the offender's conduct."

{¶19} To reverse the consecutive sentencing findings, this court must "'clearly and convincingly find that the record does not support the court's findings.'" (Citation omitted.) *State v. Guth*, 11th Dist. Portage No. 2015-P-0083, 2016-Ohio-8221, ¶ 23; R.C. 2953.08(G)(2). This standard has been characterized as "extremely deferential." *State v. Forsell*, 11th Dist. Portage Nos. 2019-P-0116, et al., 2020-Ohio-5381, ¶ 15. There must be an "evidentiary basis" that is "adequate to fully support the trial court's consecutive-sentence findings." *State v. Gwynne*, __ Ohio St.3d __, 2022-Ohio-4607, ___ N.E.3d __, ¶ 29. "This requires the appellate court to focus on both the quantity and quality of the evidence in the record that either supports or contradicts the consecutive-sentence findings. An appellate court may not, for example, presume that because the record contains *some* evidence relevant to and not inconsistent with the consecutive-sentence findings, that this evidence is enough to fully support the findings." *Id.* In evaluating consecutive sentences, the appellate court is "authorized to substitute its judgment for the trial court's judgment if [it] has a firm conviction or belief, after reviewing the entire record, that the evidence does not support the specific findings made by the

7

trial court to impose consecutive sentences." *Id.*

{¶20} The lower court found, both at the sentencing hearing and in the sentencing entry, that consecutive sentences are necessary to protect the public and punish Hoyle, are not disproportionate to his conduct and the danger he poses to the public, and the harm is so great or unusual that a single term would not adequately reflect the seriousness of Hoyle's conduct. The court made the required findings under R.C. 2929.14(C)(4) and also found that (C)(4)(b) applied. This satisfies the requirement to make the necessary findings and the remaining issue is whether these findings were supported by the record.

{¶21} Hoyle does not specifically assert that the court erred in its finding that (C)(4)(b) was satisfied, although he observes that the injuries to the victims were not "life-threatening." The (C)(4)(b) finding set forth that the harm caused was so "great or unusual" that a single prison term would not reflect the seriousness of the conduct. However, there is no question that significant harm occurred where the victims each suffered several bullet wounds to their legs and feet, each lost a toe or portion of a toe, the male victim had several surgeries to remove bullet fragments, and the female victim expressed psychological and economic harm. There is no statutory requirement that they must experience life-threatening injuries to have undergone great harm.

{¶22} Hoyle takes issue with the trial court's findings that consecutive sentences are "necessary to protect the public from future crime" and are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." He contends that the record demonstrates "the underlying offenses were committed against the Appellant's past girlfriend and her current boyfriend. The general

8

Case No. 2022-L-103

public was not involved. There is simply no need to protect the public from an isolated event specifically directed toward particular individuals."

{¶23} Hoyle's narrow view diminishes the crimes committed and also fails to fully take into account the danger he poses to the public. That Hoyle would react to a conflict with a romantic interest regarding her relationship with another man by shooting both individuals presents a serious concern to society. Of note, the police narrative contained in the PSI indicates that Hoyle and the female victim had only been seeing each other for approximately three weeks prior to this incident, which serves to highlight the unpredictable and dangerous nature of his behavior. This violent and unjustified action gives rise to legitimate concerns as to Hoyle's potential reactions to other similar situations with members of the community, including future girlfriends. Further, he fired a barrage of 25 rounds into a condo, which shared walls with other individuals entirely unrelated to the incident, presenting a serious risk to those in the vicinity and further highlighting the danger presented.

{¶24} Although Hoyle emphasizes that his criminal conduct took place on one night with only two victims, the police narrative indicates that, during the shooting, Hoyle also pointed his firearm at a neighbor who witnessed Hoyle's actions. Nonetheless, a finding that "only" these victims were involved does not preclude a determination that Hoyle poses a danger to the public. The nature of the crime and the surrounding factual circumstances provided the court with the justification to find that the offender poses a risk to the public as a whole, particularly here where he had a conflict with the victims, left, and later returned with a gun, evidencing that he did not cool down even with the passage of time.

9

**{¶25}** While Hoyle emphasizes his limited adult criminal record, which consists of misdemeanors, this fact does not change the danger his actions posed to the public. R.C. 2929.14(C)(4) mentions a defendant's criminal record only in relation to a finding under (C)(4)(c), which finding was not made here. As such, it is not necessary to resolve whether Hoyle's history of criminal conduct supports a finding that consecutive sentences are necessary. The danger he poses to the public, regardless of his criminal background, is evident from his conduct.

**{¶26}** Hoyle cites *State v. Hawley*, 2020-Ohio-1270, 153 N.E.3d 714 (8th Dist.), in support of his contention that consecutive sentences are not warranted where there was an individual victim and the offender had a limited criminal record. *Hawley* is distinguishable from the present matter. In *Hawley*, the court found that there was a lack of evidence to support a finding of great or unusual harm or a danger posed to the public where Hawley took nude videos of his stepdaughter but did not share the videos or touch her and Hawley had only a criminal history of misdemeanor offenses. *Id.* at ¶ 16-18. The crime in *Hawley* had one victim rather than multiple victims and did not take place in public. The crime here involved firing 25 rounds into a building occupied with not only the victims but others as well. Further, *Hawley* considered the length of the sentence (56 years) as "demean[ing] the seriousness of other more violent crimes" as part of its consecutive sentence analysis. *Id.* at ¶ 23-25. The prison term here is significantly shorter and also relates to a violent crime, further distinguishing this matter from *Hawley*.

**{¶27}** The sole assignment of error is without merit.

10

{¶28} For the foregoing reasons, Hoyle's sentences for Attempted Murder and Improperly Discharging a Firearm at or into a Habitation in the Lake County Court of Common Pleas are affirmed. Costs to be taxed against appellant.


JOHN J. EKLUND, P.J.,

ROBERT J. PATTON, J.,

concur.