[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Quarterman,* Slip Opinion No. 2014-Ohio-4034.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4034

THE STATE OF OHIO, APPELLEE, *v.* QUARTERMAN, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Quarterman,* Slip Opinion No. 2014-Ohio-4034.]**

*Criminal law—Juveniles—R.C. 2152.12—Mandatory bindover procedure—Constitutionality—Failure to preserve claims constitutes forfeiture of all but plain error.*

(No. 2013-1591—Submitted July 8, 2014—Decided September 23, 2014.)

APPEAL from the Court of Appeals for Summit County,

No. 26400, 2013-Ohio-3606.

_____

O'DONNELL, J.

{¶ 1} Alexander Quarterman appeals from a judgment of the Ninth District Court of Appeals affirming his conviction and four-year sentence for one count of aggravated robbery with a firearm specification.  A divided panel of the appellate court concluded that Quarterman failed to preserve his claims that Ohio's mandatory bindover procedures violate his due process and equal protection rights and the prohibition against cruel and unusual punishment.

**{¶ 2}** The failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it. Not only has Quarterman forfeited his constitutional challenge to Ohio's mandatory bindover procedure by failing to assert it either in the juvenile court or the general division of the common pleas court, but also he has failed to address the application of the plain-error rule to this case and has not given any basis for us to decide that the juvenile court's transfer of his case to adult court amounts to plain error in these circumstances. Because Quarterman failed to engage these dispositive questions, we decline to reach the merits of his constitutional claims.

**{¶ 3}** Accordingly, the judgment of the appellate court is affirmed.

### Facts and Procedural History

**{¶ 4}** On the evening of November 17, 2011, Quarterman, his younger brother Allen, and a person identified only as George came to Kylen Davis's basement to play cards and gamble with Davis, his cousin Tyler Brophy-Davis, and Trevon Thornton. Quarterman left the house with George and returned later with an individual who introduced himself as "Yodda." After watching the game for a while, Quarterman pulled a firearm, put it to Davis's head, and said, "[G]ive me everything, on my mom, I'm going to shoot you." Davis gave Quarterman approximately $60. At the same time, Yodda struck Brophy-Davis and Thornton on the head with a firearm and took Thornton's money, two cell phones, and a book bag. Quarterman and Yodda then left the house.

**{¶ 5}** Akron Police arrested Quarterman four days later on November 21, 2011, and the next day, Davis, Brophy-Davis, and Thornton filed separate complaints alleging Quarterman to be a delinquent child for acts that would establish the elements of aggravated robbery if committed by an adult.

**{¶ 6}** At a mandatory bindover hearing, the juvenile court found probable cause to believe that Quarterman had committed the act charged. The

court further found that Quarterman was 16 years old and had a firearm at the time he committed the acts constituting aggravated robbery. R.C. 2152.10(A)(2)(b). The court therefore relinquished jurisdiction and transferred the matter to the general division of the common pleas court pursuant to R.C. 2152.12(A)(1)(b)(ii). Quarterman did not object.

{¶ 7} The Summit County Grand Jury then indicted Quarterman on three counts of aggravated robbery in violation of R.C. 2911.01(A)(1), with each count carrying a three-year firearm specification pursuant to R.C. 2941.145.

{¶ 8} In the general division of the common pleas court, Quarterman did not object to the mandatory bindover. Rather, he pleaded guilty to one count of aggravated robbery with an amended one-year firearm specification pursuant to R.C. 2941.141, and the state agreed to dismiss the remaining charges and jointly recommend an aggregate sentence of four years in prison. The common pleas court found that Quarterman knowingly, intelligently, and voluntarily waived his constitutional rights, and it accepted his plea and imposed the jointly recommended sentence.

{¶ 9} Quarterman appealed to the Ninth District Court of Appeals, asserting, for the first time, that the mandatory bindover procedures set forth in R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violate his rights to due process and equal protection and the prohibition against cruel and unusual punishment. He also argued that defense counsel had been ineffective by failing to raise these claims in the lower courts. In a split decision, the court of appeals affirmed his conviction and sentence. The lead opinion concluded that by pleading guilty, Quarterman had waived his right to challenge either the mandatory bindover or his attorney's failure to object to it, and he had neither argued nor demonstrated that counsel's alleged ineffectiveness had caused his plea to be unknowing, unintelligent, or involuntary. *State v. Quarterman*, 9th Dist. Summit No. 26400, 2013-Ohio-3606. Judge Belfance concurred in judgment only. Judge Carr also

concurred in judgment only, stating that Quarterman had failed to preserve his constitutional claims for appeal by not raising them in the trial court and had not demonstrated any prejudice from his counsel's alleged ineffectiveness.

{¶ 10} On discretionary appeal to this court, Quarterman maintains that due process requires that a juvenile court judge have the discretion to decide whether a bindover to adult court is appropriate, regardless of the age of the child or the nature of the offense. He notes that a mandatory transfer to the general division of the common pleas court deprives a child of a liberty interest in the individualized treatment available in juvenile court. Therefore, the decision whether to transfer is a critical stage of the juvenile proceeding that serves as a "vital safeguard" and is required in all instances before the state may prosecute a child as an adult. He asserts that fundamental fairness demands every child have an opportunity to demonstrate a capacity for rehabilitation and that mandatory bindover unconstitutionally denies him any meaningful individualized consideration by a juvenile court judge. And although youth is always a mitigating factor, the mandatory bindover provision in effect treats youth as an aggravating factor by requiring his transfer because he was 16 years old.

{¶ 11} Quarterman also asserts that mandatory bindover violates equal protection principles, because it treats some children differently from others without any empirical evidence supporting the distinction, and he claims that "no ground can be conceived to justify the distinctions drawn between older and younger children under 18." Lastly, Quarterman argues that the mandatory bindover provisions impose cruel and unusual punishment and are contrary to evolving standards of decency, urging that a national consensus among states has formed to require an individualized determination by the juvenile court before a child may be transferred to adult court, while Ohio's mandatory transfer statutes bar any such consideration of the culpability of the offender, the nature of the

4

offense, the severity of the punishment, and the penological justifications for the sentence.

{¶ 12} The state asks the court to dismiss the appeal as improvidently allowed based on Quarterman's failure to confront the merits of the court of appeals' decision, which held that any constitutional claims had been either waived or forfeited. It notes that none of the United States Supreme Court cases Quarterman cites address whether an automatic bindover to adult court is constitutional. According to the state, the rational-basis test applies, because juveniles are not a suspect class, and there is no fundamental right to be treated as a juvenile, and it urges that there is a rational basis for treating 16 or 17 year olds who commit offenses with a firearm differently from other children—protecting the public and punishing the offender by denying the lenient treatment afforded in juvenile court. Thus, the state argues, Quarterman's due process and equal protection claims fail, and his reliance on the Eighth Amendment is misplaced, because a mandatory bindover is not itself punishment.

{¶ 13} In response, Quarterman contends that the court has discretion to consider a challenge to the constitutionality of a statute raised for the first time on appeal, and he further claims that if the mandatory bindover statutes are unconstitutional, then the general division of the common pleas court lacked subject matter jurisdiction over his criminal case.

{¶ 14} Accordingly, as a threshold matter, we consider the consequences of Quarterman's failure to preserve his constitutional challenges to R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) for appellate review.

### Law and Analysis

{¶ 15} It is a well-established rule that " 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' " *State*

*v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus; *see also State v. Cargile*, 123 Ohio St.3d 343, 2009-Ohio-4939, 916 N.E.2d 775, ¶ 5, citing *Awan* at the syllabus.  As we explained in *Awan*, "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *Id.* at 122.  Quarterman forfeited his constitutional challenges to R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) by failing to object to the mandatory bindover procedures in either the juvenile court or the general division of the common pleas court.  *See United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed.2d 1461 (1938) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.' * * *.  Mere forfeiture, as opposed to waiver, does not extinguish an 'error' * * *").

{¶ 16} Nonetheless, this court has discretion to consider a forfeited constitutional challenge to a statute.  We may review the trial court decision for plain error,  *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 377-378, but we require a showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice. *State v. Davis,* 127 Ohio St.3d 268, 2010-Ohio-5706, 939 N.E.2d 147, ¶ 29.  The burden of demonstrating plain error is on the party asserting it. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 17.  In addition, we have stated that a forfeited constitutional challenge to a statute is subject to review "where the rights and interests involved may warrant it." *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.

**{¶ 17}** Yet even though the appellate court panel rejected his constitutional claims based on his failure to preserve error, Quarterman does not present a proposition of law to this court responsive to that ruling. He made an unsupported, conclusory assertion in his jurisdictional memorandum that the court of appeals should have addressed the merits of his claims because "whether the transfer procedure is constitutional is a jurisdictional matter * * *," but he abandoned that argument by failing to even mention it as a basis for reversal in his initial brief on the merits. S.Ct.Prac.R. 16.02(B)(4); *State v. Carter*, 27 Ohio St.2d 135, 139, 272 N.E.2d 119 (1971) (failure to include issue in brief "would warrant our refusal to consider it"). Nor did his brief provide any argument that the court of appeals erred in rejecting his constitutional claims without ruling on the merits. And further, he made no assertion that applying the mandatory bindover statutes to transfer his case to adult court amounted to plain error.

**{¶ 18}** Rather, Quarterman delayed addressing these dispositive issues, including his assertion that the constitutionality of the mandatory bindover statutes affected the jurisdiction of the general division of the common pleas court, until he filed his reply brief. Appellate courts generally will not consider a new issue presented for the first time in a reply brief. *United States v. Morgan*, 384 F.3d 1, 8 (1st Cir.2004) (new issue raised after oral argument); *United States v. Kamper*, 748 F.3d 728, 745 (6th Cir.2014), fn. 5 (reply brief); *United States v. Birtle*, 792 F.2d 846, 848 (9th Cir.1986) (reply brief); *Eberle v. Anaheim*, 901 F.2d 814, 818 (9th Cir.1990) (reply brief). And even in his reply, Quarterman has not dealt with the plain-error analysis applicable to this appeal.

**{¶ 19}** As we observed in *Sizemore v. Smith*, 6 Ohio St.3d 330, 333, 453 N.E.2d 632 (1983), fn. 2, "justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination." But all three are lacking in this case. We are not obligated to search the record or formulate legal arguments on behalf of the parties, because

" 'appellate courts do not sit as self-directed boards of legal inquiry and research, but [preside] essentially as arbiters of legal questions presented and argued by the parties before them.' " *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C.Cir.1983).

{¶ 20} Accordingly, we decline to decide the constitutionality of R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) or whether their application in this case rises to plain error, because those issues have not been properly raised or presented.

## Conclusion

{¶ 21} We express no opinion regarding the constitutionality of R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b). Here, Quarterman forfeited his challenge to the constitutionality of these statutes by failing to present it to the juvenile court and the general division of the common pleas court, and he did not make any attempt to demonstrate that applying the mandatory bindover statutes in these circumstances rises to plain error.

{¶ 22} Because Quarterman has failed to preserve the issue of the constitutionality of Ohio's mandatory bindover statutes, the matter is not properly before us, and we decline to address it.

{¶ 23} For these reasons, the judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Amanda J. Powell, Assistant State Public Defender, for appellant.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Megan M. Dillhoff, Deputy Solicitor, and Ashon McKenzie, Assistant Attorney General, urging affirmance on behalf for Ohio Attorney General Michael DeWine.

Children's Law Center, Inc., and Kim Tandy; Yeura R. Venters, Franklin County Public Defender, and David L. Strait, Assistant Public Defender; Patricia E. Rousseau; Kimberly P. Jordon; Tyack, Blackmore, Liston & Nigh Co., L.P.A., and Joseph A. Nigh; Nancy G. Brown; Fawn M. Gadel, Montgomery County Public Defender, and D.K. (Rudy) Wehner; McDonald Hopkins and R. Jeffrey Pollock; Raymond T. Faller, Hamilton County Public Defender, and Gordon C. Magella, Assistant Public Defender; The Law Office of Matthew C. Bangerter and Matthew C. Bangerter; Ohio Justice & Policy Center and Ngozi V. Ndulue; Beatrice Jessie Hill; Ohio Disability Rights Law & Policy Center, Inc., and Kristen Henry; William O'Malley; Faruki, Ireland & Cox, P.L.L., and Timothy Scot Ganow, urging reversal for amici curiae Children's Law Center, Inc., Franklin County Public Defender, First Baptist Church of Dayton, MLK Dayton, Inc., Justice for Children Project, Juvenile Justice Coalition, Ohio Association of Child Caring Agencies, League of Women Voters of Ohio, National Center for Adoption Law & Policy, Montgomery County Public Defender, National Alliance on Mental Illness of Ohio, Hamilton County Public Defender, Ohio Association of Criminal Defense Lawyers, Ohio Justice & Policy Center, Schubert Center for Child Studies, Disability Rights Ohio, Ohio PTA, and Victory Project.

Juvenile Law Center and Marsha L. Levick; National Juvenile Defender Center and Nadia N. Seeratan; Jones Day, Kimberly A. Jolson, and Rachel S. Bloomekatz, urging reversal for amici curiae Juvenile Law Center, National

Juvenile Defender Center, and Ohio Chapter of the American Academy of Pediatrics.

_____