[Cite as *Ryan v. Ashtabula*, 2022-Ohio-4332.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JAMES RYAN | Case No. 2022-00533PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| CITY OF ASHTABULA | |
| Respondent | |

{¶1} Requester James Ryan objects to a Special Master's Revised Report and Recommendation in this public-records case. Ryan's objections are overruled for reasons set forth below.

### I. Background

{¶2} On July 7, 2022, Ryan, a self-represented litigant, filed a public-records Complaint against Respondent City of Ashtabula (City). Ryan essentially maintains in the Complaint that the City failed to produce responsive public records about three criminal cases. The Court appointed a Special Master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket. The City answered Ryan's Complaint and the City concurrently moved for a Civ.R. 12(B)(6) dismissal. Ryan thereafter filed an Amended Complaint in which he added an additional prayer for relief.

{¶3} On October 18, 2022, the Special Master issued a Revised Report and Recommendation (RR&R). In the Revised Report and Recommendation, the Special Master identifies six requests that were made by Ryan. (RR&R, 1-4.) The Special Master makes several recommendations and findings in the Revised Report and Recommendation. Specifically, (1) the Special Master "recommends the Court deny the motion to dismiss and consider, first, the defense of non-existence, and then, if necessary, whether any existing notes are 'records,' on the merits" (RR&R, 6); (2) the

Special Master "recommends the Court deny the motion to dismiss as moot [as to Ryan's claim concerning Request 2]" (RR&R, 7); and (3) the Special Master "recommends the court deny the motion to dismiss [the] claim [as to Requests 3 or 4] and determine any further evidence of mootness on the merits." (RR&R 7.) Additionally, the Special Master "finds the claim to enforce Request No. 5 is moot to the extent it sought the office's current 'records management policy.'" (RR&R, 7.) The Special Master also "finds the claim based on Request No. 5 should be dismissed as an improper demand to create new records." (RR&R, 8.) The Special Master "concludes that the City had no duty to search for records containing selected information in response to Request No. 3 and recommends the Court grant the motion to dismiss this claim." (RR&R, 9.) Additionally, the Special Master "recommends the court grant the motion to dismiss [a claim contained in Request No. 6 pertaining to an oath and bond] as based on an improper request." (RR&R, 9.) The Special Master "finds that Ryan has not shown by clear and convincing evidence that any records exist responsive to the request for 'notes' in Request No. 1." (Footnote omitted.) (RR&R, 10.)

{¶4} In the conclusion of the Revised Report and Recommendation, the Special Master states,

> Upon consideration of the pleadings and attachments, the Special Master recommends the court GRANT the motion to dismiss as to 1) the request for a copy of respondent's current records management policy or records retention schedule, as moot, 2) the claim for records of Mike Miller's tenancy, as an improper request for information, and 3) the claim for an "updated" records management policy, as an improper request to create records, and DENY the remainder of the motion to dismiss. The Special Master further recommends the court find that requester has failed to prove by clear and convincing evidence that any records exist responsive to Request No.1. The Special Master further recommends the court find that requester has failed to prove by clear and convincing evidence that any additional records responsive to Requests Nos. 2, 3, 4, and 5 exist in respondent's keeping beyond those provided to requester. The Special Master further recommends the court find that Request No. 6 did not seek

access to existing records and implicated no duty of respondent under R.C. 149.43(B). The Special Master accordingly recommends the court deny the claims for production of records. The Special Master further recommends the court find that no other violation of

R.C. 149.43(B) has been shown. It is recommended costs be assessed to requester.

(RR&R, 14.)

{¶5} On October 25, 2022, Ryan filed written objections to the Special Master's Revised Report and Recommendation. Ryan's objections are unsigned. Ryan separately filed a certificate of service in which he certifies electronic service of his objections on the Ashtabula City Solicitor. Two days later—on October 27, 2022—without leave Ryan filed a document labeled "Objections To Recommendations – Supplemental." Ryan's supplemental filing is unsigned. Ryan separately filed a certificate of service in which he certifies electronic service of his supplemental objections.

{¶6} On November 1, 2022, the City, through the City Solicitor, filed a written response to Ryan's objections. The City Solicitor certifies that the City's response was served on Ryan by email and certified mail. The City asks the Court to adopt the Special Master's Report and Recommendation and deny Ryan's claims for production of records.

{¶7} On November 2, 2022, without leave Ryan filed a document labeled "Objections To Respondent Objections, Continuance Offer." The next day—November 3, 2022--Ryan filed a certificate of service in which he certifies electronic service of his filing of November 2, 2022.

## II. Law and Analysis

{¶8} The General Assembly created an alternative means to resolve public-records dispute through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under R.C. 2743.75(F)(1), not later than seven business days after receiving a response of a public office or person responsible for public records, or a motion to dismiss a complaint, if applicable, a special master is required to "submit to the court of claims a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint."

However, for good cause shown, a special master "may extend the seven-day period for the submission of the report and recommendation to the court of claims under this division by an additional seven business days."  R.C. 2743.75(F)(1).

{¶9} R.C. 2743.75(F)(2) governs the filing of objections to a special master's report and recommendation.  Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested.  The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

**A. Ryan's written objections fail to comply with certain procedural requirements under R.C. 2743.75(F)(2) and the Ohio Rules of Civil Procedure. Ryan's additional filings are not permitted under R.C. 2743.75(F)(2) and the additional filings fail to comply with certain procedural requirements under the Ohio Rules of Civil Procedure.**

{¶10} Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and *sending a copy to the other party by certified mail, return receipt requested.*"  (Emphasis added.)  Here, according to Ryan's certificate of service, Ryan certifies that his objections "were manually emailed to the following people at their email of record on 10/25/2022. * * * These manual emails were in addition to the electronic service the portal appears to confirm to the user at the time of electronic filing."  Ryan thus served his objections by means of electronic service— not by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2). Moreover, Ryan's written objections are unsigned in violation of Civ.R. 11.  *See* Civ.R. 11 ("[a] party who is not represented by an attorney shall sign, by electronic signature or by hand, the pleading, motion, or other document and state the party's address, a telephone number, facsimile number, if any, and personal e-mail address, if any, for service by

electronic means under Civ.R. 5(B)(2)(f)"); *see also* R.C. 2743.03(D) (providing that the "Rules of Civil Procedure shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter").

**{¶11}** Additionally, Ryan's supplemental filing of October 27, 2022, and Ryan's filing of November 2, 2022, are not permitted under R.C. 2743.75(F)(2), which permits either party to file written objections and a non-objecting party to file a response. R.C. 2743.75(F)(2) does not permit an objecting party to file a reply in support of written objections. *See* R.C. 2743.75(F)(2). Ryan's supplemental filing of October 27, 2022, and Ryan's filing of November 2, 2022, also are unsigned and, consequently, the supplemental filing of October 27, 2022, and the filing of November 2, 2022, do not comply with Civ.R. 11.

**{¶12}** The Court is cognizant that Ryan is a self-represented litigant but, Ryan nonetheless is required to follow procedural law and court rules. As the Tenth District Court of Appeals has explained,

> While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.

*Justice v. Lutheran Social Servs.,* 10th Dist. Franklin No. 92AP-1153, 1993 Ohio App. LEXIS 2029, at *6 (Apr. 8, 1993). *Accord State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept of Job & Family Servs.*, 145 Ohio App. 3d 651, 654, 763 N.E.2d 1238 (2001) ("'[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel'"). The Court does not look favorably on Ryan's lack of adherence to R.C. 2743.02(F)'s procedural requirements or requirements under the Ohio Rules of Civil Procedure.

**B. Ryan's objections, supplemental objections, and reply are not persuasive.**

{¶13} Under R.C. 2743.75(F)(2), any objection to the report and recommendation "shall be specific and state with particularity all grounds for the objection." Ryan informs the Court that he "fully concedes to the recommendations for Request 5 [Updated record management policy] and Request 6 [Oath and bond]." Ryan also "provides no objection to Request 3 [i.e., "Records (such as police reports, citations) supporting probable cause for opening a criminal charge that Mike Miller was a tenant without rental permit"];" however, according to Ryan, the "lack of objection does not imply agreement with the rationale of the Special Master recommendation on this matter."

{¶14} Ryan does, however, object to the Special Master's recommendations as to Requests 1, 2, and 4. Ryan presents three objections:

1. ***"Objection to Request 1(Lamer Notes) Recommendation: The public office did NOT clearly deny the existence of Lamer Notes until after this case was filed, and did NOT look for records until after this case was filed, and did NOT reply in a timely fashion."***

{¶15} The Special Master states in footnote 4 of the Revised Report and Recommendation: "The City did not clearly deny Request No. 1 on this basis [*i.e.*, non-existence of records] in its initial correspondence. However, the initial explanation provided to a requester 'shall not preclude the public office or the person responsible for the requested public record from relying upon additional reasons or legal authority in defending an action commenced under division (C) of this section.' R.C. 149.43(B)(3)." (RR&R, 10.) And the Special Master "[found] that Ryan has not shown by clear and convincing evidence that any records exist responsive to the request for 'notes' in Request No. 1." (Footnote omitted.) (RR&R, 10.)

{¶16} Upon review, the Court determines that the Special Master's findings and recommendation as to Request No. 1 are correctly based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint. *Compare State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 56-57 (concluding that the respondents in that case had not established that requested records do not exist and that the implication of an affidavit statement is that responsive records may exist even though they might not be expressly designated as such). Ryan's first objection shall be overruled.

**2. "Objection to Request 2(Full Case) Recommendation: The public office did NOT send the full case files until AFTER the case was opened, and there are still multiple versions today. Which version of the case file was used when deciding to dismiss the criminal cases with prejudice and no court fees?"**

**{¶17}** Ryan essentially claims in his second objection that the documents that he received in response to Request No. 2 are incomplete.  Notably, in the Revised Report and Recommendation, the Special Master states:

> Ryan complains that the City produced one 205-page "version" of the criminal files (where embedded images could not be opened), and two 210-page sets that differ by some duplicated pages. (Reply, *passim.*) Ryan states that this indicates the full case files were not provided until after the case was opened and that he has "more than a hunch or inference" that additional records still exist. The Special Master notes that the City's count of 210 pages it provided matches Ryan's count of the total number of pages he received, when counting the front and back faces of the documents. (Reply, Exh. 1 – *Front Page Scans of Manila Folder*, Exh. 2 – *Back Page Scans of Manila Folder*.) To the extent Ryan asks the court to further compare the exhibits in search of actionable conduct, "[i]t is not the role of this court to 'search the record or formulate arguments on behalf of the parties.' *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19." *State ex rel. McKenney v. Jones*, Slip Opinion No. 2022-Ohio-583,¶ 26-28 (original action in mandamus).  The Special Master finds that Ryan's expressions of suspicion do not meet his burden to show by clear and convincing evidence that the City has withheld additional records responsive to Requests Nos. 2, 3 and 4. The attested production of the complete prosecution files renders the claims based on these requests moot.

(RR&R, 10.)

**{¶18}** The Special Master's findings as to the completeness of the City's production of records are well taken.  The Court finds that the Special Master's recommendation that Ryan has not shown by clear and convincing evidence that the City has withheld

additional records as to Request No. 2 is correctly based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint. Ryan's second objection shall be overruled.

3. **"Objection to Request 4 (Technology Glitches) Recommendation."**

In support of Ryan's third objection, Ryan states:

The redactions/technology glitches exist per the analysis of the many versions of the "full files." Accidental or purposeful redaction results in reply to not be deemed responsive. That the page count increased from 205 to 210 shows that something was redacted. The analysis above shows that all versions provided by the City, including the one to the Court are substantially different.

A court case can turn on one word, let alone 5 pages. All parties know that Plaintiff is considering filing a separate lawsuit against the City but the decision to do so is based on what the public records requested show.

(Objections at 8.)

{¶19} The Special Master's findings as to the completeness of the City's production of records, including as to Request No. 4, are well taken. See RR&R at 10. The Court finds that the Special Master's recommendation (i.e., Ryan has not shown by clear and convincing evidence that the City has withheld additional records as to Request No. 4) is correctly based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint. Ryan's third objection is overruled.

**II. Conclusion**

{¶20} The Court overrules all of Ryan's objections, as supplemented, for reasons set forth above. The Court adopts the Special Master's Revised Report and Recommendation. Court costs are assessed to Ryan. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed November 8, 2022**
**Sent to S.C. Reporter 12/5/22**