[Cite as *State v. Torres*, 2024-Ohio-837.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                     :

    Plaintiff-Appellee,       :
                                No. 112812
    v.                        :

ERIC TORRES,                       :

    Defendant-Appellant.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 7, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-673002-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carl Mazzone, Assistant Prosecuting Attorney, *for appellee*.

Joseph V. Pagano, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Eric Torres appeals his conviction for involuntary manslaughter that is predicated on his 2007 conviction for aggravated assault, which was committed against Miguel Rivera. For the following reasons, we affirm.

{¶ 2} In 2007, Torres pleaded guilty to the aggravated assault with the state dismissing the felonious assault and weapons charge. The two men were involved in an altercation involving Torres's friend. Torres punched Rivera, causing him to fall and strike his head. Torres now claims that he was defending his friend when he punched Rivera. During the 2007 proceedings, the state reserved the right to pursue further charges should Rivera die as a result of his injuries inflicted by Torres. *See, e.g., State v. Carpenter*, 68 Ohio St.3d 59, 623 N.E.2d 66 (1993) (the state cannot indict a defendant based on the victim later dying of injuries sustained by the lesser offense, "unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea."). Rivera never recovered from the injuries and died in January 2022.[1] Rivera's death was ruled a homicide as being directly caused by the blunt-force trauma inflicted by Torres.

{¶ 3} After Rivera's death, the state pursued murder, involuntary manslaughter, aggravated assault, and having a weapon while under disability charges based on the act of punching Rivera. Torres claimed that principles of double jeopardy and claim preclusion implicated by the 2007 aggravated-assault conviction precluded everything but the involuntary manslaughter charge. According to Torres, the state could not pursue additional aggravated assault or weapons charges based on the underlying conduct because Torres already pleaded guilty to aggravated assault for that conduct, which included the dismissal of a

---

[1] The statute of limitations for involuntary manslaughter in violation of R.C. 2903.04 is 20 years from the date of the offense. R.C. 2901.13(A)(3)(a).

weapons charge at the time. Further, according to Torres, because he pleaded guilty to aggravated assault, which includes a mitigating element of serious provocation bringing about sudden passion demonstrating that he was guilty of the inferior offense to the murder charge, the state could not prove Torres acted with the requisite intent to prove murder. The state conceded that the 2007 conviction precluded all of the charges except for the involuntary manslaughter, which is predicated on the aggravated-assault conviction. The murder, aggravated assault, and weapons charges were then dismissed.

{¶ 4} Before trial, the state filed a motion in limine to preclude Torres from asserting a self-defense claim. The state advanced two theories. In the first, the state argued that Torres could not collaterally challenge the aggravated assault predicate offense because he pleaded guilty to that offense in the 2007 proceedings. The involuntary manslaughter offense in this case only requires proof of the death being proximately caused by the aggravated assault, the offense that Torres pleaded guilty to in the previous case. Thus, according to the state, any self-defense claim was an impermissible attempt to collaterally attack his guilty plea. In the alternative, the state claimed that even if Torres could collaterally attack his earlier conviction, the theory of self-defense was nonetheless inapplicable to the aggravated assault. The trial court precluded Torres from presenting a claim for self-defense.

{¶ 5} Under R.C. 2903.04(A), "[n]o person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a felony." Torres's conviction for aggravated assault, in violation of R.C. 2903.12(A),

was a fourth-degree felony and served as the predicate for the involuntary manslaughter offense. That conviction was final. Thus, the sole issue at trial was whether Rivera's death was a proximate result of the aggravated assault to which Torres already pleaded guilty. At the bench trial, Torres stipulated to the coroner's report, including their conclusion as to Rivera's death being caused by the injuries he sustained through Torres's aggravated assault. Based on that stipulation, the trial court found Torres guilty of involuntary manslaughter and imposed a five-year term of imprisonment, with credit for both his pretrial detention and the 18 months served on the aggravated-assault conviction.

{¶ 6} In this appeal, Torres first claims that the trial court erred by precluding him from asserting a claim of self-defense to the aggravated assault.

{¶ 7} Torres has presented no authority demonstrating that he is permitted to collaterally attack his aggravated-assault conviction through the subsequent proceeding. *See* App.R. 16(A)(7). It is not the role of an appellate court to search for case authority to support arguments on behalf of one of the parties. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C.Cir.1983). Torres voluntarily pleaded guilty to aggravated assault in 2007 knowing the state reserved the right to pursue charges should Rivera die as a result of the injuries directly caused by Torres's aggravated assault. While that tactic proved successful in mitigating the severity of the charges that could arise upon

Rivera's death, for it impacted the state's attempt to indict Torres on murder charges, it also precludes him from advancing a self-defense claim to collaterally attack his prior conviction.

{¶ 8} Torres implicitly acknowledged the preclusive impact of his aggravated-assault conviction. He successfully argued that his conviction precluded the state from pursuing murder charges because the serious provocation element of aggravated assault was incompatible with the knowing and purposeful element of murder. *See State v. Soto*, 158 Ohio St.3d 44, 2019-Ohio-4430, 139 N.E.3d 889, ¶ 19 ("Separate and apart from the constitutional protections provided by the double-jeopardy provisions, a plea agreement may bar further charges based on principles of contract law. The underlying premise is that when a plea rests on a promise made by the prosecutor, that promise must be fulfilled."), citing *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50. He cannot have it both ways: that the earlier conviction precludes the state from pursuing the greater offenses based on Rivera's death, which are incompatible with the offense to which he pleaded guilty, while at the same time claiming the right to raise a defense that contradicts the impact of his guilty plea. Based solely on the arguments as presented by the parties, we find no merit to Torres's argument.

{¶ 9} But regardless, even if Torres could have collaterally attacked his prior conviction, self-defense does not apply to aggravated assault. *State v. Hughkeith*, 2023-Ohio-1217, 212 N.E.3d 1147, ¶ 102 (8th Dist.), citing *State v. Bouie*,

8th Dist. Cuyahoga No. 108095, 2019-Ohio-4579, ¶ 47, S*tate v. Betliskey*, 8th Dist. Cuyahoga No. 101330, 2015-Ohio-1821, ¶ 24, and *State v. Loyed*, 8th Dist. Cuyahoga No. 83075, 2004-Ohio-3961, ¶ 14. Torres is attempting to claim that he acted in self-defense of another person because he feared for her safety based on Rivera's conduct. Such a claim is diametrically different from demonstrating a sudden passion or acting in a sudden fit of rage brought on by serious provocation, the elements of aggravated assault. *Id.* Torres pleaded guilty to aggravated assault, agreeing that he "acted under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by" Rivera. R.C. 2903.12(A). This court has concluded that a claim for self-defense cannot arise when the facts demonstrate that an aggravated assault occurred because being in fear of another's harm is not compatible with acting in a sudden fit of rage. *State v. Williamson*, 8th Dist. Cuyahoga No. 95732, 2011-Ohio-4095, ¶ 37, citing *State v. Mack*, 82 Ohio St.3d 198, 201, 694 N.E.2d 1328 (1998), *State v. Tantarelli*, 10th Dist. Franklin No. 94APA11-1618, 1995 Ohio App. LEXIS 2186 (May 23, 1995), and *State v. Thompson*, 10th Dist. Franklin No. 92AP-1124, 1993 Ohio App. LEXIS 1198 (Feb. 23, 1993).[2]

{¶ 10} Torres cites *State v. Hurt*, 8th Dist. Cuyahoga No. 110732, 2022-Ohio-2039, in support of his claim that self-defense and aggravated assault can coexist within a trial. The panel in *Hurt*, however, "recognized that aggravated

---

[2] Torres has not asked this panel to revisit this conclusion. *See* App.R. 16(A)(7).

assault and voluntary manslaughter are incompatible with a theory of self-defense because self-defense requires proof of fear while aggravated assault and voluntary manslaughter require a showing of a sudden passion or rage." *Id.* at ¶ 37, citing *Betliskey* at ¶ 24, and *Loyed* at ¶ 14. The black-letter law from *Hurt* does not depart from the general case authority cited above. *Hurt*, more to the point, presents a unique procedural history, which is inapplicable to the current case.

{¶ 11} In *Hurt*, the defendant was charged with murder in violation of R.C. 2903.02(A), felony murder in violation of R.C. 2903.02(B), voluntary manslaughter in violation of R.C. 2903.03(A), felonious assault in violation of R.C. 2903.11(A)(1) and (2), and domestic violence in violation of R.C. 2919.25(A). *Id.* at ¶ 1. Thus, the state directly charged the defendant with both purposeful murder and voluntary manslaughter, only one of which can be proven at trial (if the facts demonstrate serious provocation, the jury is precluded from convicting the offender of murder and if serious provocation is proven, the defendant is precluded from claiming self-defense under prevailing law). *Id.* at ¶ 26; *see also State v. Amey*, 2018-Ohio-4207, 120 N.E.3d 503, ¶ 12 (8th Dist.), citing *State v. Griffin*, 175 Ohio App.3d 325, 2008-Ohio-702, 886 N.E.2d 921, ¶ 17 (1st Dist.), and *State v. Duncan*, 154 Ohio App.3d 254, 2003-Ohio-4695, 796 N.E.2d 1006, ¶ 29. After concluding the error occurred in the jury finding the defendant guilty of both murder and voluntary manslaughter, the panel further concluded that the offender was entitled to claim self-defense in response to the murder charge and serious provocation for the voluntary manslaughter charge upon remand for the new trial. *Id.* Thus, *Hurt* implicates a

unique procedural history in which the state indicts an offender with both voluntary manslaughter, carrying the elements of serious provocation and acting under the influence of sudden passion, while also claiming the offender purposely and knowingly killed the victim. That convoluted history limits the applicability of *Hurt*.

{¶ 12} In this case, the sole offense at issue is involuntary manslaughter with the predicate offense being aggravated assault. That is proven if the state demonstrates that the victim's death was proximately caused by the offender's commission of any felony. Since Torres pleaded guilty to aggravated assault, the sole issue for trial in this case was whether Rivera's death was caused by Torres's aggravated assault — an issue that Torres conceded upon stipulating to the contents of the coroner's report. *Hurt* is inapplicable. The first assignment of error is overruled.

{¶ 13} In the second assignment of error, Torres claims that his conviction is not based on sufficient evidence because of the terse nature of the trial. We need not delve deeper here. Torres stipulated to the coroner's conclusion that Rivera's death was caused by the aggravated assault to which Torres pleaded guilty. As alluded to throughout this opinion, that is sufficient evidence proving involuntary manslaughter. The second assignment of error is overruled.

{¶ 14} The conviction is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR