[Cite as *State v. Centers*, 2026-Ohio-1454.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 115518 |
| JOHN CENTERS, | : | |
| Defendant-Appellant. | : | |

---

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 23, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-697125-C

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jeffrey Schnatter, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

TIMOTHY W. CLARY, J.:

{¶ 1} Defendant-appellant John Centers ("Centers") appeals from his sentence following a guilty plea. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} Because this case was resolved by a plea agreement, the facts contained in the record are limited to statements made at the sentencing hearing. The victim, 15-year-old J.B., ran away to her father, M.B., who was staying with Centers at the time. The next day, J.B. was found dead in the basement of Centers's house. M.B. and Centers took J.B.'s body from the house, put her into a truck, drove to a gas station, "did more drugs," and then dumped J.B.'s body on the side of the road. (Tr. 41.) M.B. and Centers called the police and told them that a body was on the side of the road. While they tried to obscure their license plate, M.B. and Centers were ultimately captured on surveillance footage doing drugs and dumping the body.

{¶ 3} A subsequent search of Centers's house revealed a condom that contained Centers's DNA and J.B.'s DNA; the condom was found in the basement where J.B. died.

{¶ 4} On November 21, 2024, a Cuyahoga County Grand Jury indicted Centers on one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), with a furthermore clause that Centers was ten or more years older than the victim; two counts of tampering with evidence in violation of R.C. 2921.12(A)(1); and one count of gross abuse of a corpse in violation of R.C. 2927.01(B). The

indictment also charged two codefendants — M.B. and another individual — with involuntary manslaughter and corrupting another with drugs.[1]

{¶ 5} Centers initially pleaded not guilty to the charges. On August 12, 2025, the court held a change-of-plea hearing. The State informed the court of the terms of the plea agreement reached by the parties, stating that the charge for unlawful sexual conduct with a minor would be amended to include a furthermore specification that Centers was at least four years but less than ten years older than the victim.[2] The State informed the court that Centers would plead guilty to the amended count of unlawful sexual conduct with a minor, to one count of tampering with evidence, and to one count of gross abuse of a corpse. In exchange for his guilty plea to those charges, the State would dismiss the remaining charges against him. Defense counsel confirmed that this was his understanding of the plea agreement. The court engaged Centers in a Crim.R. 11 plea colloquy and then accepted his guilty pleas as outlined above.

{¶ 6} On August 14, 2025, the court held a sentencing hearing. Defense counsel, Centers, and the assistant prosecuting attorney addressed the court. The court also heard statements from the victim's mother and sister.

---

[1] As of the date of this opinion, M.B.'s case remains pending. The other co-defendant's case was resolved via plea agreement. Neither case is relevant to the instant appeal.

[2] This amendment changed the level of offense from a third-degree felony to a fourth-degree felony.

{¶ 7} The court sentenced Centers to 18 months for unlawful sexual conduct with a minor, 36 months for tampering with evidence, and 12 months for gross abuse of a corpse. The court ordered the sentences to be served consecutively for a total of 66 months in prison.

{¶ 8} Centers appealed. He now raises a single assignment of error for our review:

> The trial court erred when it imposed separate sentences for offenses that arose from the same conduct, were not committed separately or with a separate animus, and should have been merged for sentencing purposes under R.C. 2941.25.

**Law and Analysis**

{¶ 9} Centers argues that the trial court should have merged the offenses of tampering with evidence and gross abuse of a corpse for sentencing because they were allied offenses of similar import pursuant to R.C. 2941.25. Specifically, Centers asserts that the offenses should have merged because they were committed with the same conduct.

{¶ 10} Generally, appellate courts review whether offenses are allied offenses of similar import under a de novo standard. *State v. Sims*, 2024-Ohio-5699, ¶ 28 (8th Dist.), citing *State v. Williams*, 2012-Ohio-5699, ¶ 28. Here, where the parties agreed that the offenses do not merge, we review for plain error.[3]

---

[3] At the sentencing hearing, defense counsel addressed the court and stated that during negotiations, counsel "made an argument to the prosecutor that I thought that a merger was appropriate on two of these counts, and [the State] did not consent to it." (Tr. 33.) The parties ultimately agreed, as part of the plea agreement, that the charges were not allied offenses of similar import. At the sentencing hearing, defense counsel argued

Pursuant to Crim.R. 52(B), plain errors are any "errors or defects affecting substantial rights [and] may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice." *State v. Long*, 52 Ohio St.2d 91 (1978), paragraph three of the syllabus. The party raising plain error must demonstrate "that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceedings would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice." *State v. Buttery*, 2020-Ohio-2998, ¶ 7, citing *State v. Quarterman*, 2014-Ohio-4034, ¶ 16. Further, in the specific context of a merger analysis, "'[t]he defendant bears the burden of establishing entitlement to the protection provided by R.C. 2941.25.'" *Id.* at ¶ 86, quoting *State v. Davids*, 2022-Ohio-02272, ¶ 43 (8th Dist.).

{¶ 11} R.C. 2941.25 governs whether offenses are subject to merger and states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate

---

that "for the same reasoning and rationale, I would ask for the tampering with evidence and the gross abuse of a corpse to be run concurrently for the reason that it is the exact same act." *Id.* Appellate counsel now concede that notwithstanding these references, we review this issue for plain error.

animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 12} Under this statute, courts will consider three separate factors to determine whether the offenses are subject to merger: the import, the conduct, and the animus. *State v. Bey*, 2025-Ohio-740, ¶ 86 (8th Dist.), citing *State v. Ruff*, 2015-Ohio-995, paragraphs one and three of the syllabus. Specifically, "offenses do not merge, and a defendant may be convicted of and sentenced for multiple offenses if any one of the following is true: (1) the offenses are dissimilar in import or significance, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *Id.*, citing *Ruff* at paragraph three of the syllabus.

{¶ 13} Relevant to this appeal, Centers pleaded guilty to tampering with evidence in violation of R.C. 2921.12(A)(1) and abuse of a corpse in violation of R.C. 2927.01(B). R.C. 2921.12(A)(1) provides:

> (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
>
> (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation.

{¶ 14} Centers was charged with two counts of tampering with evidence in violation of R.C. 2921.12(A)(1); in the indictment, one count referred to obscuring the license plate, and the other — the count to which Centers pleaded guilty — referred to the removal of the victim's body.

{¶ 15} R.C. 2927.01(B) provides that "[n]o person, except as authorized by law, shall treat a human corpse in a way that the person knows would outrage reasonable community sensibilities."

{¶ 16} Centers argues that because both charges were committed by the same conduct, they were allied offenses of similar import and therefore it was plain error for the court to sentence him separately for those offenses. We disagree.

{¶ 17} On the limited record before us, it is not clear that the offenses were accomplished by the same conduct. Centers argues that the act of removing the victim's body was the conduct underlying both offenses. The record reflects that Centers not only removed the victim's corpse from his house, but he also drove around with the corpse in the back of a truck and ultimately dumped the corpse outside; abuse of a corpse could have been accomplished by any of this conduct.

{¶ 18} Centers has not met his burden of establishing that his offenses were allied offenses of similar import. On this record, we cannot conclude that the trial court committed plain error in sentencing Centers separately for the tampering-with-evidence and the abuse-of-a-corpse charges. Because the offenses in this case constitute offenses of dissimilar import under R.C. 2941.25(B), Centers cannot show that it was plain error for the court to sentence Centers separately for these offenses. Centers's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIMOTHY W. CLARY, JUDGE

EMANUELLA D. GROVES, P.J., and
ANITA LASTER MAYS, J., CONCUR