[Cite as *State v. Burge*, 2025-Ohio-2463.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| BLAKE BURGE | : | Case No. 2024 CA 0009 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Morrow County
                             Court of Common Pleas,
                             Case No. 2023-CR-0082

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            July 9, 2025

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

Edwin M. Bibler                         William T. Cramer
Assistant Prosecuting Attorney          1554 Polaris Parkway, Suite 325
60 East High Street                     Columbus, Ohio 43240
Mt. Gilead, Ohio 43338

*Gormley, J.*

**{¶1}** Defendant Blake Burge appeals his conviction on a felony charge of domestic violence. Pointing to what he describes as plain error, Burge claims that the trial judge gave a faulty instruction to the jury about a videotaped out-of-court statement that was played during Burge's trial. For the reasons explained below, we affirm the judgment of the trial court.

## Facts and Procedural History

**{¶2}** In August 2023, Burge was indicted on one fourth-degree-felony count of domestic violence following an altercation with the alleged victim, A.A. Burge and A.A. had been in a romantic relationship since 2019, and they are the parents of two children.

**{¶3}** A.A. testified at Burge's trial that Burge had grabbed her by the hair, pulled her out of bed, and thrown her to the floor. Then — according to A.A.'s testimony — Burge grabbed her by the arms, pinned her against a wall, and punched her in the jaw. A.A. testified that she escaped Burge's bedroom through a window and drove to a friend's house.

**{¶4}** Several hours later, A.A. spoke with her sister about the incident, and the sister then contacted law enforcement. Deputy Newsome of the Morrow County Sheriff's Office testified at trial that while he was driving to Burge's house, he was flagged down by A.A., who was in a driveway near that house. A.A. described the incident to the deputy, and Newsome testified that during that conversation, he observed marks on A.A.'s face and a bruise on her arm that looked like a fingerprint. After speaking with A.A., Newsome went to Burge's house and arrested him.

**{¶5}** At trial, the state introduced video footage from Deputy Newsome's body-worn camera showing Burge's arrest. In that video, Burge can be heard denying that he had been violent with A.A. During closing arguments, Burge's attorney used the term "testimony" when he reminded jurors about what they had heard Burge say on that video. The state then objected, and the parties and the trial judge held a lengthy sidebar discussion about the issue. The next day, the trial judge included in his final instructions to the jury an admonition that what the jurors had heard on the video was not testimony and that Burge's statements in the video could be used by jurors solely as an aid in their assessment of his demeanor at the time of his arrest. Nothing in the record indicates that Burge's trial counsel objected to that jury instruction.

**{¶6}** The jury found Burge guilty on the domestic-violence charge, and he now appeals.

**Standard of Review**

**{¶7}** Ohio law recognizes a distinction between alleged errors to which a defendant objects at trial and those that he or she fails to raise then. *State v. Jones*, 2020-Ohio-3051, ¶ 17. "On appeal, a party may not assign as error the giving or failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Crim.R. 30(A).

**{¶8}** "When the defendant forfeits the right to assert an error on appeal by failing to bring it to the trial court's attention in the first instance, an appellate court applies plain-error review." *Jones* at ¶ 17, citing *State v. Rogers*, 2015-Ohio-2459, ¶ 21-22; *see also* Crim.R. 52(B). Under a plain-error review, the defendant bears the burden of "'showing

that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice.'" *Id.*, quoting *State v. Quarterman*, 2014-Ohio-4034, ¶ 16. A reviewing court should "notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002), quoting *State v. Long*, 53 Ohio St.2d 91, 97 (1978).

{¶9} Because Burge did not object to the limiting instruction that the trial judge provided to the jury, we review the trial court's decision only for plain error.

**No Plain Error Occurred**

{¶10} In his sole assignment of error, Burge contends that he was prejudiced by the trial judge's jury instruction about the out-of-court statement made by Burge that was captured on the deputy's video recording.

{¶11} "An unnecessary, ambiguous, or even affirmatively erroneous portion of a jury charge does not inevitably constitute reversible error." *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 2015-Ohio-229, ¶ 35. An erroneous jury instruction does not constitute plain error unless "'but for the error, the outcome of the trial clearly would have been otherwise.'" *State v. Cooperrider*, 4 Ohio St.3d 226, 227 (1983), quoting *State v. Long*, 53 Ohio St.2d 91, 97 (1978).

{¶12} The state played for the jury the body-worn-camera footage that captured Burge's interaction with the deputy at the time of Burge's arrest. From that video, the jury learned that Burge denied A.A.'s allegation that he had attacked her. During defense counsel's closing arguments, Burge's attorney — while describing the way Burge denied A.A.'s accusations on that recording — said to the jury "[w]atch how the man told the truth

. . . now that's testimony." Once Burge's counsel had finished his closing arguments, the prosecutor asked for a sidebar conference. During the lengthy sidebar discussion that followed, the attorneys and the judge talked about defense counsel's characterization of the statement on the video as "testimony." After listening to the attorneys' views, the judge indicated that he would include in his final typewritten jury instructions a direction to the jury that would inform jurors that any statement by Burge on the video was not testimony and that the jurors could consider it "only . . . for how he acted incident to arrest."

{¶13} Once the sidebar discussion ended, the trial resumed with the presentation by the prosecution of a rebuttal closing argument. Nothing further was said that day to the jurors about the video recording.

{¶14} The next day, the trial judge, with no objection from either party, read aloud the final instructions on the case as a whole. As part of those instructions, the judge alluded to defense counsel's closing argument and said that Burge's "comments on that video should not be considered as testimony" because Burge "was not sworn in" and was not "subjected to cross-examination." The judge then instructed the jurors that "[t]he Defendant's comments should only be considered to determine the Defendant's demeanor at the time of his detention and his arrest."

{¶15} Hearsay is, of course, any out-of-court statement that is offered for the truth of the matter asserted. Evid.R. 801(C). An out-of-court statement is not hearsay if it is offered against a party and is the party's own statement. Evid.R. 801(D)(2). Though the record before us does not contain a discussion between the parties and the court about any hearsay exception that may have applied to the video, we find that Burge's statements on it fit within Evid.R. 801(D)(2)'s admission-by-a-party-opponent exception

to the hearsay rule. Burge made the statement in question himself, and the video was introduced by the state at trial. The jury, therefore, should have been permitted to consider Burge's statement for its truth — that Burge did not attack A.A. — instead of being limited to assessing Burge's demeanor at the time of his arrest.

{¶16} We do not find, however, that the outcome of Burge's trial would have been different without the trial judge's limiting instruction. Deputy Newsome testified that he observed marks on A.A.'s body that were consistent with her description of the attack. A.A. herself testified that Burge had pulled her off a bed by her hair, grabbed her by her arms, pinned her against a wall, and punched her in the jaw.

{¶17} On cross-examination, Burge's counsel attacked A.A.'s credibility by questioning her about an earlier occasion when she had accused Burge of harming her and then had retracted that allegation. The jury also heard from Burge's father, who was in the house when the events at issue in this case occurred. Burge's father testified that he did not hear or see any altercation take place between Burge and A.A. that night and that A.A. had put marks on herself in the past.

{¶18} Notably, Deputy Newsome told the jury that Burge, at the time of his arrest, stated that he did not do anything to hurt A.A. That testimony from the deputy echoed what jurors heard Burge himself say on the video footage, but the judge placed no limits on the jury's consideration of the deputy's testimony about that issue or about anything else.

{¶19} After considering the evidence presented in this case, we do not find that Burge has met his burden of showing that the outcome of the trial would have been different had the jury been permitted to consider the truthfulness of his statement that he

did not attack A.A.  The jury heard ample testimony supporting a guilty verdict as well as countervailing testimony supporting Burge's argument that he did nothing wrong.  A single sentence in the jury instructions did not, in our view, alter the outcome of the trial or lead to a manifestly unjust verdict.

{¶20}  The judgment of the trial court is affirmed.


By: Gormley, J.

King, P.J. and

Montgomery, J. concur.